UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HCC LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN CONROY, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 15cv2897-BEN (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' EX PARTE MOTION TO ACCEPT REPLY IN SUPPORT OF THEIR MOTION TO COMPEL [ECF No. 40]**<br><br>**AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DOCUMENT PRODUCTION [ECF No. 36].** |

Currently before the Court is Defendants' October 3, 2016 motion to compel document production [ECF No. 36-1 ("Mot.")][1], Plaintiff's October 7, 2016 opposition to the motion [ECF

---

[1] The motion also sought to compel Mr. Padgett's deposition, but the Court addressed that issue in an earlier order.  See ECF No. 39.

1

No. 38 ("Oppo.")], and Defendants' October 12, 2016 reply [ECF No. 40-1 ("Reply")][2]. Having considered the briefing submitted by the parties and having reviewed all of the supporting exhibits, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to compel further document production.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff issued an insurance certificate providing Short Term Major Medical Insurance coverage to Defendants Kevin and Linda Conroy beginning on August 1, 2014. ECF No. 1 at 4. Plaintiff alleges that the information and statements Defendants provided in their application for medical coverage were materially incomplete, and brings this action for rescission, intentional misrepresentation, declaratory judgment, and equitable indemnity. Id. at 4-9. Defendants counterclaim alleging that in September 2014, Kevin Conroy suffered a heart attack and was treated at the Sharp Memorial Hospital ("Sharp"), and that Plaintiff improperly refused to pay the benefits under the insurance policy. ECF No. 6 at 6-7. Defendants counter-claim for declaratory relief, breach of contract, breach of implied covenant of good faith and fair dealing, invasion of privacy, and negligence. Id. at 7-12.

During the course of discovery, Defendants contacted third-party Sharp and obtained approximately 300 pages of transmittals from Sharp to Plaintiff during Mr. Conroy's hospitalization ("the Sharp records"). Mot. at 3; id., Declaration of Matthew V. Herron ("Herron

---

[2] The Court's briefing schedule with respect to the instant motion to compel did not allow a reply. See ECF No. 33. On October 12, 2016, Defendants filed an *ex parte* application asking the Court to accept the reply memorandum filed in support of their motion to compel. ECF No. 40. Plaintiff did not oppose the application. See Docket. The Court grants the request and accepts Defendants' reply. See ECF No. 40-1.

Decl.") at 3-4. Defense counsel produced the Sharp records to Plaintiff. Mot. at 4; Herron Decl. at 3. Defendants contend that "Plaintiff's counsel has neither produced the [Sharp] records from Plaintiff's own files nor provided an explanation for the lack of production earlier," and bring the instant motion to compel. See id.

## LEGAL STANDARDS

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is

responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D. at 610. Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

**ANALYSIS**

Defendants seek to compel the production of "all documents concerning the health insurance claim for Kevin Conroy's admission to Sharp Hospital and subsequent treatment" [ECF No. 36 at 2], including "transmittal, notes, and medical records, and the resulting authorizations." Mot. at 5 (citing Fed. R. Civ. P. 37(a)(3)(B)(iv)). Defendants also seek a declaration from Plaintiff's counsel "certifying [that] the production is complete" and "expla[ining] . . . why the newly produced documents were not included in Plaintiff's disclosure or production." Mot. at 5. In support, Defendants argue that Plaintiff's document production is materially incomplete. Id. at 4-5. Defendants allege that the Sharp records indicate that Sharp transmitted hundreds of pages of medical records, nurses' notes, and transmittal sheets to Plaintiff during Mr. Conroy's hospitalization, and that the transmittal forms from Sharp were not

included in Plaintiff's disclosures or document production.  Id.  Defendants argue that the alleged omission "raises the question of what other documents were not produced, which would logically include documents which reflect the review of the medical records on which Plaintiff based the authorizations." Id. at 5.  Defendants further allege that the Sharp records may establish that Plaintiff is precluded from avoiding payment for the following reasons: (1) the authorizations may create a statutory bar to rescission, (2) the authorizations given at the time when Plaintiff knew of Mr. Conroy's medical history could estop Plaintiff from refusing to pay the claim, and (3) the receipt of the medical records and related documents may render untimely the rescission which was attempted more than four months after the receipt of these records.  Id. at 4.

Plaintiff argues in its opposition that the relevance of the Sharp documents and the merits of Defendants' defenses are not at issue in this motion, and that the sole issue is whether Plaintiff has additional documents that it has not produced.  Oppo. at 2-7.  Plaintiff contends that it already has produced all responsive, non-privileged documents in its possession, custody, or control.  See id. at 2, 7; see also id., Declaration of Jon Padgett ("Padgett Decl."); id., Declaration of Elizabeth Trittipo ("Trittipo Decl.").  Plaintiff explains that the documents Defendants obtained from Sharp were either (1) previously produced by Plaintiff; (2) internal Sharp documents that were never in Plaintiff's possession, custody, or control; or (3) contain medical information that is substantively identical to that contained in medical records that Plaintiff has already produced.  Oppo. at 2, 7.  Plaintiff contends that there is no evidence that the majority of the Sharp documents were ever sent to Plaintiff or its third-party pre-certification vendor Healthsmart, and argues that Defendants' "belief" that Plaintiff possesses the Sharp documents is therefore unfounded.  Id. at 3.

Defendants' reply alleges, without factual support, that Plaintiff did not produce relevant documents possessed by Healthsmart and that Plaintiff has possession, custody and control of all of the documents in Healthsmart's possession. Reply at 2. Defendants state that Plaintiff "could have secured [the documents] on its request" and because Plaintiff's production did not include the Healthsmart files, it is incomplete. Id.

### A. Plaintiff's Document Production

Defendants allege that Plaintiff's document production is incomplete and ask the Court to order the production of "all documents concerning the health insurance claim for Kevin Conroy's admission to Sharp Hospital and subsequent treatment." ECF No. 36 at 2. Plaintiff contends that it has produced all responsive, non-privileged documents in its possession, custody, or control. See Oppo. at 2, 7.

To establish its compliance, Plaintiff provides a declaration from its counsel Elizabeth Trittipo, who states that on March 25, 2016, Plaintiff produced 6,166 documents as part of its initial disclosures. See Trittipo Decl. at 2. Ms. Trittipo further avers that on September 22, 2016, Plaintiff produced additional documents in response to Mr. Conroy's requests for production and provided supplemental written responses to Mr. Conroy's special interrogatories and requests for production, set one. Id. Ms. Trittipo also declares that "the only documents [Plaintiff] withheld from production" are listed on its privilege log, and that "[t]here are no other documents in [Plaintiff's] possession, custody, or control that are responsive to Defendant Kevin Conroy's requests for production, set one." Id., see also id., Exh. A (containing Plaintiff's privilege log).

Plaintiff also submits a declaration from Jon Padgett, a Vice President of Claims and Compliance for HCC Medical Insurance Services, LLC, the claims administrator for short-term

medical policies issued by Plaintiff. Padgett Decl. at 2. Mr. Padgett states that he has reviewed the documents bates labeled SHARP ADMIN 000001-298 and concluded that 6 of those documents are "substantively identical" to the documents Plaintiff produced as part of its initial disclosures; 151 documents were never in Plaintiff's possession, custody or control, and that many of those documents appear to be internal Sharp documents; 141 documents are medical records that "contain substantively the same information concerning Defendant Kevin Conroy's undisclosed alcoholism and degenerative disc disease as medical records [Plaintiff] has already produced"; and that the remaining documents–two fax coversheets and attached medical records–were sent to Plaintiff's third-party pre-certification vendor, Healthsmart. See id. at 2-3.

In their reply, Defendants do not challenge the accuracy of the statements made by Ms. Trittipo or Mr. Padgett. See Reply. Rather, Defendants assert that Healthsmart has responsive documents that have not been produced and that Plaintiff has custody or control over Healthsmart's documents and should be ordered to produce them. Id. The Court will address this new argument in Section B. below. Because Plaintiff provides evidence that it has produced all responsive documents in its possession, custody and control (unless identified on Plaintiff's privilege log) and because Defendants have not contradicted Plaintiff's evidence and merely speculate that Plaintiff's production is incomplete, the Court **DENIES** Defendants' motion to compel further production.

### B.     Defendants' New Allegations

In their reply, Defendants assert for the first time that Healthsmart has responsive documents, that Plaintiff has possession, custody or control over the documents possessed by Healthsmart, and that Plaintiff has failed to produce those documents. See Reply. Defendants

do not provide any factual support for their new allegations. Id. Defendants cite to paragraph 5 of Mr. Padgett's declaration and assert the following:

> [d]rawing a distinction between Plaintiff and Healthsmart, Plaintiff then finesses the non-production by claiming that the communications between Sharp and Healthsmart were not in Plaintiff's possession, custody or control.

Id. at 2. Defendants then conclude that Plaintiff "certainly could have secured" Healthsmart's files and that Plaintiff's failure to do so makes its production incomplete. Id.

A careful examination of paragraph 5 of Mr. Padgett's declaration does not support Defendants' strong statement. Padgett Decl. at 2. Mr. Padgett merely states that the "approximately 151 pages of documents were never in HCC Life's possession, custody, or control" and that the documents "appear to be internal Sharp documents." Id. Neither Mr. Padgett nor Ms. Trittipo state whether Healthsmart has responsive documents that have not been produced in this case or whether Plaintiff has possession, custody or control over any such documents. See Padgett Decl.; Trittipo Decl. In fact, the only additional reference to Healthsmart's documents is Plaintiff's statement that "[o]f the 299 documents Defendants obtained from Sharp, only 38 were ever sent to HCC Life's third-party pre-certification vendor, Healthsmart." Oppo. at 2. As such, the Court does not have any facts enabling it to rule on this issue.

"[A]rguments raised for the first time in a reply brief are waived." Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010). Here, Defendants did not raise this issue in their motion to compel so Plaintiff was not given an opportunity to respond to Defendants' allegations. In addition, neither party provided facts addressing whether Healthsmart possesses relevant, unproduced documents and whether Plaintiff has legal possession, custody or control over those documents. Accordingly, the Court **DECLINES** to consider Defendants' "new" argument. If

Plaintiff believes that there are such documents, the parties are **ORDERED** to meet and confer regarding the issue. If the issue cannot be resolved without the Court's intervention, the parties are **ORDERED** to follow the procedures with respect to civil discovery disputes outlined in the Court's Chambers' Rules.

### C. Plaintiff's Counsel's Certification

Defendants also ask the Court to order Plaintiff's counsel to provide a declaration "certifying [that] the production is complete" and "expla[ining] . . . why the newly produced documents were not included in Plaintiff's disclosure or production." See Mot. at 5. Defendants have not provided any factual or legal support for their request. Plaintiff has provided two declarations under the penalty of perjury supporting its assertion that it has produced all responsive, non-privileged documents in its possession, custody, or control. See Padgett Decl.; Trittipo Decl.; see also Oppo. at 2, 7. Accordingly, the Court **DENIES** Defendants' request to compel a declaration from Plaintiff's counsel with further "certifications" and "explanations."

**IT IS SO ORDERED.**

Dated: 10/18/2016

Hon. Barbara L. Major
United States Magistrate Judge