UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HCC LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN CONROY and LINDA CONROY,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 15cv2897-BEN (BLM)<br><br>**ORDER:**<br><br>**1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTION TO CONTINUE [ECF No. 63]**<br><br>**AND**<br><br>**2) AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

On March 21, 2017, Plaintiff filed an "Ex Parte Application to Amend Scheduling Order Regulating Discovery and Other Pre-trial Proceedings." ECF No. 63. Plaintiff asks the Court to continue the April 24, 2017 Pretrial Conference to "60 days after the Court's ruling on [Plaintiff's] motion for summary judgment, or in the alternative, to June 26, 2017, with all related deadlines continued accordingly." Id. at 1. Plaintiff contends that the ruling

on the motion for summary judgment might resolve the case, and argues that the requested continuance is therefore warranted. Id. at 3.

On March 22, 2017, Defendants filed an opposition to Plaintiff's *ex parte* motion. ECF No. 64. Defendants state that despite the pendency of Plaintiff's motion for summary judgment, the parties completed "disclosure and discovery," and assert that the "case is ready for the pre-trial procedure and trial." Id. at 2. Defendants thus ask the Court to deny Plaintiff's *ex parte* motion. Id. at 3.

On March 22, 2017, District Judge Benitez issued an order denying Plaintiff's motion for summary judgment. ECF No. 65. Having reviewed Plaintiff's *ex parte* motion and Defendants' opposition, and having consulted with the chambers of District Judge Benitez, the Court does not find good cause to grant the lengthy 60-day continuance of the Pretrial Conference and related dates sought by Plaintiff. The Court therefore **GRANTS IN PART AND DENIES IN PART** Plaintiff's *ex parte* motion and **AMENDS** the Case Management Conference Order as follows:

1. A Mandatory Settlement Conference shall be conducted on **April 11, 2017** at **1:30 p.m.** in the chambers of Magistrate Judge Barbara L. Major located at **333 West Broadway, Suite 1110, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

   a. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for good cause shall be made in writing at least three (3) court days prior to the conference. Failure to appear in person at the Mandatory Settlement Conference will be grounds for sanctions.

      b. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[1] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

      c. **Confidential Settlement Statements Required**: No later than **April 4, 2017**, the parties shall submit directly to Magistrate Judge Major's chambers (via hand delivery or email address) confidential settlement statements no more than ten (10) pages in length. **These confidential statements shall not be filed or served on opposing counsel.** Each party's confidential statement must set forth the party's statement of the

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including any previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.

   General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

   d. **Requests to Continue a Mandatory Settlement Conference**:  Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written *ex parte* application**.  The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(h), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.  **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than (7) days prior to the scheduled conference.**

   **If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

   2. For bench trials before the Honorable Roger T. Benitez, counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **April 24, 2017**.  In jury trial cases before the Honorable Roger T. Benitez, neither party, unless otherwise ordered by the Court, is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f)(2).

3. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **April 24, 2017**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

4. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **May 1, 2017**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

5. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **May 8, 2017**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

6. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **May 15, 2017**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

7. The final Pretrial Conference is scheduled on the calendar of the **Honorable Roger T. Benitez** on **May 22, 2017** at **10:30 a.m.**

8. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

9. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

5

15cv2897-BEN (BLM)

10. The dates and times set forth herein will not be modified except for good cause shown.

11. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

12. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: 3/23/2017

Hon. Barbara L. Major
United States Magistrate Judge