# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| HCC LIFE INSURANCE COMPANY, an Indiana corporation, | Case No.: 3:15-cv-02897-BEN-BLM |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S APPLICATION FOR RECONSIDERATION** |
| v. | |
| KEVIN CONROY; LINDA CONROY, | [Doc. No. 67] |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Now before the Court is Plaintiff HCC Life Insurance Company's ("HCC Life") Application for Reconsideration. HCC Life seeks reconsideration of the March 22, 2017 Order denying Summary Judgment. For the reasons stated below, the Court **DENIES** the Application for Reconsideration.

## BACKGROUND and PROCEDURAL HISTORY

On December 23, 2015, HCC Life, brought this diversity lawsuit against the Conroys. The Conroys answered the Complaint and filed their own counterclaims. On August 26, 2016, HCC Life filed a Motion for Summary Judgment which was denied, leading to the filing of the instant Application for Reconsideration based on "newly-discovered evidence."

///
///

1

## LEGAL STANDARD

The decision to grant or deny a motion for reconsideration is left to the sound discretion of the trial court. *See Sch. Dist. No. 1J, Multnomah Cnty. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions are disfavored and absent exceptional circumstances, usually are only appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." (*Id.*)

In their motion, HCC Life does not maintain that there has been an intervening change in controlling law. Nor do they argue that the Court committed clear error in its resolution of the summary judgment motion based on the evidence presented at that time. Rather, HCC Life contends reconsideration is appropriate on account of "newly discovered evidence." (Doc. No. 67 at 2.) Therefore, to prevail, HCC Life must establish first that the proffered testimony is indeed "newly discovered evidence" under Federal Rule of Civil Procedure 60(b)(2); second, HCC Life exercised due diligence to obtain the evidence; and third, the testimony is of such a magnitude that it would have changed the Court's ruling on the summary judgment motion. *See Coastal Transfer Co. v. Toyota Motor Sales, Inc.*, 833 F.2d 208, 211 (9th Cir. 1987).

## DISCUSSION

1. <u>Newly Discovered Evidence</u>

Under the Federal Rules, evidence is not "newly discovered" if it was in the moving party's possession before judgment was rendered. *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (citing *Coastal Transfer Co.*, 833 F.2d at 212) (" ... [I]f [evidence] was in the possession of the party before the judgment was rendered it is not newly discovered and does not entitle the party to relief."). HCC Life argues the belatedly produced documents and deposition testimony constitute "newly discovered evidence" because it was not received until after the summary judgment motion was filed and fully briefed. (Doc. No. 67 at 6.)

The fact that HCC Lifes' summary judgment motion was fully briefed before it conducted the depositions does not render the resulting testimony "newly discovered" for purposes of Rule 60(b)(2). It is the litigants' responsibility to introduce evidence for the court's consideration of summary judgment, whether in original or supplemental filings. *See, e.g., Rossi v. Troy State Univ.* 330 F. Supp.2d 1240, 1249-50 (M.D. Ala. 2002) (denying Rule 60(b)(2) motion because movant never requested leave to supplement its response to the summary judgment motion with new evidence while the motion was under consideration). Moreover, the Ninth Circuit has held that a party possessing evidence for as little as eight days prior to a court's summary judgment ruling could not invoke Rule 60(b)(2). (*Id.* at 1093.)

Here, HCC Life was in possession of the belatedly produced documents for over a month before the Court issued its ruling on March 22, 2017. Notably, by Wednesday, March 15, 2017, all of the plaintiff's scheduled depositions had been completed, leaving ample time to bring the "newly discovered evidence" to the Court's attention. (Doc. No. 73.) Unfortunately, the docket does not reflect any effort to place the evidence before the Court. Furthermore, HCC Life's explanation for not supplementing its response or requesting an extension to submit additional evidence ("summary judgment was filed and briefing closed ...") lacks support to justify the Court granting its request. *See* Fed. R. Civ. P. 56(f); (Doc. No. 67 at 6.)

Therefore, the proffered documents and deposition testimony cannot be accepted as "newly discovered evidence," and HCC Life's request for relief pursuant to Rule 60(b)(2) must be **DENIED**.

2. Due Diligence

The fact that the documents and deposition testimony is not "newly discovered evidence" under the Federal Rules is enough to end the inquiry. However, this requirement is closely related to the second prong of due diligence, *see Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 433 (1st Cir. 2005). In the case at hand, HCC Life's lack of

3

due diligence in obtaining the deposition testimony poses an additional bar to the relief sought.

The Ninth Circuit spoke to the due diligence requirement in *Coastal Transfer Co.* In that case, the Ninth Circuit rebuked a Rule 60(b)(2) movant for its failure to exercise due diligence in discovering the inaccuracy of its own expert's testimony because other evidence the movant possessed prior to the district court's ruling could have revealed the inaccuracy. *Coastal Transfer Co.* 833 F.2d at 212. In other words, due diligence assumes at least some level of deductive reasoning in an active effort to discover evidence based on the knowledge and information already possessed by the litigants.

Here, HCC Life's assertion that it exercised due diligence in obtaining the deposition testimony is not supported by the record and evidence before the Court. First, HCC Life's three requests to amend the scheduling order to extend the discovery deadline without once mentioning any discovery issues, late production or "newly discovered evidence" does not reflect due diligence. (Doc. Nos. 56, 59 and 63.)

Second, HCC Life certainly could have deposed at a minimum Mr. and Mrs. Conroy well before their reply to Conroy's Response in Opposition to the summary judgment motion was due on November 21, 2016. *See e.g., Martinez v. Wawona Frozen Foods*, 247 F. Appx. 883, 885 (9th Cir. 2007) (holding that plaintiff's efforts to depose certain witnesses "did not constitute new evidence because the opportunity to depose the [witnesses] had long been present and [plaintiff] was given ample time to pursue the necessary discovery"). Instead of demonstrating reasonable diligence, the circumstances indicate knowing delay – the Conroys depositions, as well as those for Steven Green, M.D., Murray Zucker, M.D., Paul C. Murphy, M.D., and Moshe Lewis, M.D., were all taken over eight months *after* HCC Life filed its Motion for Summary Judgment (Doc. No. 30); over four months *after* the Conroy's filed their Response to the Motion for Summary Judgment (Doc. No. 45); and twelve days *before* the court denied the Motion for Summary Judgment. (Doc. No. 65.)

4

Third, as discussed above, HCC Life's explanation for not supplementing its response or requesting an extension to submit additional evidence was "summary judgment was filed and briefing closed ...". (Doc. No. 67.) While this may be true, it does not excuse their obligation under Rule 56 to supplement the motion for summary judgment with specific facts demonstrating a genuine issue of material fact (or to seek a continuance under Rule 56(d)).

Therefore, HCC Life has not demonstrated due diligence and their request for relief pursuant to Rule 60(b)(2) must be **DENIED**. Moreover, because HCC Life falls short of satisfying the first two prongs of the Rule 60(b)(2) analysis, it is unnecessary for the Court to address the third prong requiring a reexamination of the summary judgment motion with the aid of the belatedly offered evidence.

## **CONCLUSION & ORDER**

Because HCC Life fails to meet the burden required under the first and second prongs of Rule 60(b)(2), the Court finds that HCC Life cannot satisfy the high hurdle necessary to warrant the extraordinary remedy of reconsideration. Accordingly, HCC Life's Application for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 23, 2018

Hon. Roger T. Benitez
United States District Judge